THOMAS J. LEWIS & another *vs.* AARON BROOKS, JR.

A. B. gave his note to E. C. for six hundred dollars on demand, to be negotiated to S. C. in payment of a debt due from E. C. to S. C.; and E. C. at the same time, gave his note for six hundred dollars to A. B., and a mortgage of personal property to secure said note: S. C. refused to receive A. B.'s note in payment of E. C.'s debt, sued E. C., attached the property which E. C. had mortgaged to A. B., and recovered judgment: E. C. indorsed A. B.'s note to J. L.: A. B. sued E. C. on E. C.'s note to him, and recovered judgment: J. L. brought an action against A. B. on his note, which E. C. had indorsed to J. L., and A. B. filed in offset, under the provisions of *St.* 1839, *c.* 121, § 1, his judgment against E. C.: On the trial of this action, it appeared that when S. C., in his suit against E. C., attached the property that had been mortgaged to A. B. by E. C., A. B. brought an action against him for attaching it, but that the action was never entered in court; that the mortgaged property was sold towards satisfying the judgment which S. C. recovered against E. C.; and that S. C. gave A. B. a bond of indemnity against his note to E. C., which was indorsed to J. L. *Held*, that these transactions did not amount to a payment of A. B.'s note to E. C., and that A. B. was entitled to set off, against his note to E. C., the judgment which he had filed, although the set-off enured to the benefit of S. C.

THIS was an action on a promissory note made by the defendant, on the 10th of April 1842, for six hundred dollars, payable to Erastus Clark, or order, on demand, with interest, and indorsed by said Clark to the plaintiffs.

The case was originally tried in the court of common pleas, at July term 1843, where the defendant filed a set-off of a judgment for six hundred and eighty five dollars and costs, recovered by him against said Clark at the June term of the court of common pleas, held at Worcester, in 1842, on two notes given to him by Clark. This set-off was disallowed by the court of common pleas, and the case was brought into this court, by the defendant, on a bill of exceptions. The exceptions were sustained, and a new trial was granted. 9 Met. 367.

At the new trial, before *Wilde,* J. the plaintiffs introduced the deposition of Clark, which was to the effect following :

That he, (said Clark,) in 1840, bought of Seth Caldwell a farm in Barre, for which he agreed to pay nine thousand dollars ; that he paid one thousand dollars, and gave his note for eight thousand dollars, payable by instalments ; that he applied to the defendant, whom he owed seventy dollars, to

lend him six hundred dollars, which he wished to pay to said Caldwell; that the defendant, not having money, gave the deponent the note now in suit, and the deponent gave the defendant a note for the same amount, and secured payment thereof, and of the seventy dollars before due to the defendant, by a mortgage of the deponent's personal property; ·that he offered the defendant's said note to Caldwell, who refused to receive it as payment of six hundred dollars, and shortly afterwards sued the deponent and attached the property, which he had mortgaged, as aforesaid, to the defendant, and advertised it for sale; that the defendant gave notice to Caldwell of said mortgage, before the day appointed for the said sale, but that a sale of part of said property was made without payment of the defendant's demand for securing which it was mortgaged; that Caldwell afterwards obtained judgment against the deponent, in the suit on which said attachment was made, and caused the residue of said attached property to be sold on execution; that the defendant afterward sued the deponent, and recovered judgment against him on the six hundred dollar note, and the seventy dollar debt, for which said mortgage was given; that the defendant afterwards told the deponent that he (the defendant) had sued Caldwell for taking the said mortgaged property, and that Caldwell had settled with him by paying the seventy dollars, and giving him an indemnity against his six hundred dollar note, now in suit; that the deponent subsequently bought of Seth Holden, who was the agent of the plaintiffs, one undivided half of the right to make and sell, in the State of Illinois, a corn-planter, a machine invented by the plaintiffs, and gave to said Holden, in payment therefor, the said note now in suit, on receiving a deed of said right; having first stated to said Holden the circumstances under which the deponent obtained the note.

The plaintiffs introduced a copy of the mortgage of Clark's personal property to Brooks, spoken of in Clark's deposition. They also showed, by testimony, that Caldwell's attachment of Clark's goods was made on the 12th of April 1842; that

the said goods were soon after appraised, and a portion of them sold as perishable, and the proceeds of the sale paid to Caldwell; and that, among the goods so sold were those which Clark had mortgaged to the defendant — the proceeds of which were received by Caldwell, and amounted to more than Clark's two notes to the defendant.

The plaintiffs called Seth Holden, as a witness, who testified that, in the summer of 1843, the defendant told him, in Boston, that Caldwell had paid him the seventy dollar note, and indemnified him against the six hundred dollar note, and that he had no interest in this suit; and that, in the spring of 1844, the witness again saw the defendant in Salem, and that he then made the same statement to the witness, which he had before made in Boston.

It appeared that the defendant's suit against Caldwell, mentioned in Clark's deposition, was never entered in court.

The bond of Caldwell, indemnifying the defendant against the six hundred dollar note, was dated March 7th 1843, and the condition thereof was as follows : " Whereas the said Brooks did, on or about the tenth day of April last, give his promissory note to one Erastus Clark, in the sum of six hundred dollars, and said note is now outstanding, in the hands of said Clark, or some one to whom it may have been negotiated, and said Brooks may be called upon by said Clark, or some other person or persons, to pay the same, or to incur expense and trouble in defending against it ; now, if the said Caldwell shall indemnify and save said Brooks harmless from said note, and shall pay to him all damage, costs, expense and trouble, to which he may be subjected in consequence of his liability to pay said note, or that may come upon him by reason of said note, then this obligation shall be void ; otherwise, to remain in full force."

The case was taken from the jury, by consent of the parties, who agreed to refer it to the decision of the whole court, upon the foregoing evidence.

*Peabody*, for the plaintiffs.

*B. R. Curtis*, for the defendant.

SHAW, C. J.   The main points in this case were decided, when it was formerly before this court, on exceptions.   9 Met. 367.   It was then held that *prima facie* the judgment against Clark, the promisee, on a note given by Clark to the defendant, long before the defendant's note payable to Clark on demand had been indorsed to the plaintiffs, was a good set-off.   The only question left open by the decision was, whether the transactions between the defendant and Caldwell amounted to a payment of Clark's note to the defendant.   We are now satisfied by the facts stated in the report, that the transactions in question did not amount, in legal effect, to a payment of Clark's note to the defendant.

Caldwell attached the goods of Clark, soon after Brooks's mortgage, to secure a debt due to himself, and contested Brooks's title to them.   Brooks gave him notice of his mortgage on the same goods, and commenced an action which he did not prosecute.   Caldwell paid Brooks seventy dollars ; gave him a bond of indemnity against this note ; held the goods under his attachment ; obtained judgment against Clark, and applied the proceeds of the goods to satisfy his own judgment.   These goods, therefore, though mortgaged to secure Clark's note to Brooks, never went to pay it, but did go to satisfy another debt. The bond of indemnity, given by Caldwell to Brooks, so far from an undertaking to pay Brooks the debt due to him from Clark, was a guaranty to him, that he had another and distinct legal and equitable defence to it, which he, Caldwell, was willing to insure.

We do not think it necessary to consider whether Brooks took a good title under his mortgage, or could have held the goods or not.   Taken as collateral security, they gave him an additional remedy, which he might avail himself of, or not, at his choice.   Such collateral security did not deprive him of any other remedy which the law gave him.   Nor would it amount to a satisfaction, until some proceeds should be realized from it.   *Rice* v. *Catlin,* 14 Pick. 221.   In the present case, the defendant received none of the proceeds of the collateral security.   The property was attached by

another creditor of Clark, Caldwell, who contested the validity of the mortgage; and Brooks, having another remedy in his set-off, declined that contest, let the property go on the attachment, and the entire avails of it went to satisfy other debts of Clark, the mortgagor.

It is then urged, that it appears by the bond of indemnity, now introduced, that the defence is made for the benefit of Caldwell; and if so, that it cannot prevail. We cannot perceive the force of this argument. Caldwell attached the property for a debt admitted to be due to him, contested Brooks's title, and insisted on his own. It appears that he had a good title against every body but Brooks, and he insisted that Brooks had a good defence, by way of set-off, against his note to Clark; and he undertook to guaranty this, and take upon himself the responsibility of maintaining it. Why then should not such a legal defence prevail, although it may enure to the benefit of Caldwell, by leaving his attachment good? It appears to us that it must stand upon the same footing as if no such bond had been given.

*Judgment for the defendant.*